**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3631-21

NATALIE TICE,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted January 17, 2024 – Decided February 28, 2024

Before Judges Whipple and Paganelli.

On appeal from the New Jersey Department of Corrections.

Natalie Tice, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sara M. Gregory, Assistant Attorney General, of counsel; Leo Boerstoel, on the brief).

PER CURIAM

Natalie Tice is imprisoned in Edna Mahan Correctional Facility, part of the State's correctional system. She appeals, pro se, from a June 8, 2022 final agency decision of the New Jersey Department of Corrections (DOC), upholding restitution imposed for her conviction of prohibited act, N.J.A.C. 10A:4-4.1(a)(4)(i) *.152.[1] We affirm.

We derive the facts from the record. Tice objected to a search at the Edna Mahan Correctional Facility. She was handcuffed and placed into a temporary cell. Tice "banged" her handcuffs on the cell door until the handcuffs broke. She then used the broken handcuffs to break the inner glass of the door. Further, "using her body weight," she "repeatedly rammed the door . . . causing damage [to] the [door's] locking mechanism."

Tice was charged with prohibited act *152 ("destroying, altering or damaging government property, or the property of another person"), for the damage to the door and the window. The charges were referred to a hearing

---

[1] Tice does not appeal the discipline stemming from N.J.A.C. 10A:4-4.1(a)(2)(xix) *.306 ("conduct which disrupts or interferes with the security of orderly running of the correctional facility"); N.J.A.C. 10A:4-4.1(a)(2)(xxii) *.708 "(refusal to submit to a search"); or N.J.A.C. 10A:4-4.1(i) *.152 ("destroying, altering or damaging government property, or the property of another person") as it relates to the destruction of the cell window or handcuffs or the imposition of restitution of $32.99 for the destruction of the handcuffs or $250 for the destruction of the window.

officer.  Tice was granted a counsel substitute and was offered but declined the opportunity to call witnesses or submit documents.

The hearing officer found Tice guilty and referred her to a separate restitution hearing.  At the restitution hearing, the Department presented photographs of the damage to the door and an estimate of $856 for the replacements to the door.  Tice accepted responsibility for breaking the window but asserted the door was malfunctioning before her placement.  The hearing officer determined Tice was responsible to pay the full replacement costs.  Tice appealed the hearing officer's decision, which was affirmed.  The restitution assessment was upheld after reconsideration.

Tice challenges the restitution finding only as to the door.  She raises the following arguments for our consideration:

> POINT ONE
>
> THERE WAS NOT SUBSTANTIAL EVIDENCE TO SUSTAIN THE AGENCY FINAL DECISION THAT [TICE] WAS SOLELY RESPONSIBLE FOR THE DAMAGE, NOT TO CONT[]RADICT APPELLANT'S CONTENTION THAT PRE-EXISTING DAMAGE MITIGATE HER RESPONSIBILITY.
>
> POINT TWO
>
> DUE PROCESS WAS VIOLATED DURING THE HEARING PROCESS BECAUSE [TICE] WAS

3

DENIED ACCESS TO VITAL DOCUMENTARY EVIDENCE THAT WAS EXCULPATORY AND WHICH SHE NEEDED TO DEFEND HERSELF.

More particularly, under point one, Tice argues "there was not substantial evidence to support the agency decision that her actions inflicted the entire extent of (if any) damage to the door as opposed to inmates and/or staff on previous occasions." She contends there was no evidence that: (1) the hearing officer visited the scene of the damaged door and inspected it herself; (2) the hearing officer could "rule out damage [was] inflicted by staff or other inmates over the years leading up to this incident"; and (3) the maintenance department estimates "apportion[ed] the damage" between herself and others.

In addition, as to her second argument, Tice contends "no attempt was apparently made to investigate reports of previous incidents where the inmates were given disciplinary charges for damaging this same door/door frame and the amount of restitution (if any) assessed on each inmate[]."

Our review of a final administrative decision is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). "We will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231,

237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). "Substantial evidence has been defined alternatively as 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' and 'evidence furnishing a reasonable basis for the agency's action.'" Id. at 238 (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010)).

Prison disciplinary hearings are not part of a criminal prosecution, and the full spectrum of rights due to a criminal defendant does not apply. Avant v. Clifford, 67 N.J. 496, 522 (1975). However, when reviewing a determination of the DOC in a matter involving prisoner discipline, we consider not only whether there is substantial credible evidence that the inmate committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

We find no merit to Tice's arguments. Initially, she admits to committing the prohibited acts. Moreover, the Department's restitution decision was based upon substantial evidence, including pictures of the damage and the maintenance estimates. This evidence was unrefuted.

A-3631-21

Further, Tice was provided with her full due process rights. In accord with N.J.A.C. 10A:4-9.13(a), Tice was " allowed to call a fact witness(es) . . . and present documentary evidence in [her] defense. . . . [and] provided the opportunity to call and question in person a fact witness(es)." She was afforded notice; granted substitute counsel; had the hearing conducted by an impartial tribunal; and was given an opportunity, which she declined, to present witness testimony and request and present documents. Avant, 67 N.J. 525-33.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION